IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BROUILLETTE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 23-480-KD-MU |
| | ) | |
| MOBILE DA's OFFICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On December 26, 2023, Plaintiff filed his complaint (Doc. 1), along with a Motion to Proceed Without Prepayment of Fees. (Doc. 2). Plaintiff then filed an amended complaint, which replaced the original complaint, on February 28, 2024. (Doc. 5). The amended complaint is brought against the District Attorney's Office of Mobile County, including numerous individual employees of the office, the Mobile County Police Department, including numerous individual employees of the department, Mobile County Circuit Court Judge Michael Windom, Rebecca Brouillette (Plaintiff's ex-wife), Alabama Attorney General Steve Marshall, the Supreme Court of Alabama, U.S. Attorney General Sean Costello, and FBI Special Agent in Charge Paul Brown. (*Id*.; PageID. 35-39). The motion to proceed *in forma pauperis* has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1).

## CONCLUSIONS OF LAW

### 1. Motion to Proceed *In Forma Pauperis*

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing

this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

As to the first prong, Plaintiff states that he is employed at a Pilot Travel Center earning between $142 and $409 per week and has child support obligations of approximately $275 per week for his three children. (Doc. 2, PageID.1). Plaintiff's only other source of income is interest income from an irrevocable trust, which totaled $8,700 in 2022. (*Id*.). Plaintiff notes that he has monthly expenses of $1,000 for rent, $40 for probation fees, and $200 in transportation related costs. (*Id*. at PageID.2). Plaintiff also lists debts totaling over $40,000, including $30,000 in child support obligations, $8,000 in legal expenses, and $3,000 in court costs and fees, and states that he has only $300 in cash or a checking or savings account. (*Id*.). Based on this information, the Court finds that Plaintiff would likely qualify to proceed IFP as to the first prong.

**2. Complaint**

A determination of Plaintiff's financial status need not be made here, however, because Plaintiff's complaint is frivolous. Although *pro se* complaints are held to a less stringent standard than pleadings filed by counsel and are, therefore, liberally construed, *see Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), a *pro se* plaintiff must allege some facts that would support a legal claim. "An action is frivolous if it is without arguable merit in law or fact." *Austin v. Judge,* 851 F. App'x 173, 174 (11th Cir. 2021) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2008) (*overruled on other grounds*)). A district court may dismiss a complaint *sua sponte* without giving the plaintiff notice or an opportunity to respond if "amendment would be futile or the complaint is patently frivolous." *See Surtain v. Hamlin Terrace Found.,* 789 F.3d 1239, 1248 (11th Cir. 2015).

Plaintiff's complaint is based upon actions he alleges were taken and/or not taken by Defendants related to his underlying criminal case currently pending in the Circuit Court of Mobile County, Alabama, Case No. CC-2021-2593, in which he was indicted on charges of Rape 1st Degree and Sodomy 1st Degree on June 23, 2021. (*See* CC-2021-2593, Doc. 6). The complaint states at the top "IMMEDIATE INJUNCTIVE RELIEF IS REQUESTED" and is also titled "COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983." (Doc 5, PageID.33, 35). Plaintiff describes attempts to obtain records related to his criminal case, including a "Missing Statement" made by the complaintant in that case, which he believes has been withheld from him.[1] (Doc. 5). Plaintiff states that

---

[1] Plaintiff describes "The Missing Statement" as "exculpatory to the point of proving that Rebecca Brouillette conspired with and was coached by [MPD Detective] Sarah Badon in the statement making process to induce charges without a statute of limitations." (Doc. 5, PageID. 45).

he filed complaints with the Alabama State Bar against his then criminal defense attorney as well as the Mobile District Attorney who was assigned to his case regarding his attempts to obtain "The Missing Statement." (*Id*. at PageID.41). Plaintiff notes that "the Alabama State Bar has refused to issue any disciplinary action despite my multiple requests to re-evaluate my claim and review the evidence provided." (*Id*.).

Plaintiff states that, "[a]fter being awarded pro se status [in the criminal case], I attempted to subpoena the records directly from the Mobile Police Department Records Department." (*Id*.). Plaintiff then filed an "official complaint" with the MPD and the Mobile DA's Office after he says none of the requested records were provided by the MPD and the MPD's attorney claimed in court that Plaintiff had all three of the existing statements. (*Id*. at PageID.41-42). Plaintiff also describes filing complaints with the FBI and the U.S. Attorney General's Office "concerning 'The Missing Statement' and the conspiracy to violate my rights perpetrated by the Mobile District Attorney's Office and the Mobile Police Department." (*Id.* at PageID.42).

With this background in mind, Plaintiff's complaint appears to present three different requests for relief: (1) Plaintiff seeks this Court's intervention in the form of injunctive relief in his ongoing criminal case in the Circuit Court of Mobile County,[2] (2) Plaintiff asserts claims for malicious prosecution for actions taken related to his criminal case, and (3) Plaintiff seeks an order compelling an investigation and prosecution by the FBI and U.S. Attorney General of those in the Mobile District Attorney's Office and the

_____

[2] Plaintiff noted that this case was scheduled for trial on January 22, 2024. (Doc. 5; PageID.46). However, Alacourt shows that the trial setting for CC-2021-2593 has been continued to August 19, 2024.

Mobile Police Department who he alleges have conspired to violate his rights. The Court will examine each of these requests in turn.

### A. Request for Injunctive Relief

Plaintiff asks this Court "to make determinations of the constitutionality" of multiple Alabama Code sections, Alabama Rule of Criminal Procedure 16.6(a), and Alabama Rules of Evidence 503 and 503A. (Doc. 5; PageID.46-52). Plaintiff also asks this Court to order the Circuit Court of Mobile County to take numerous specific actions in his ongoing criminal case, including, among other requests, to order certain records be disclosed by the MPD or the Mobile DA's Office and to allow the admission or exclusion of certain evidence. (*Id.* at 52-54). Additionally, Plaintiff asks this Court to make various factual and legal determinations related to the disposition of his pending criminal case, and to order the Circuit Court to dismiss the criminal case "with prejudice with respects [sic] to the forementioned determinations." (*Id.* at 54-56).

The Court is prohibited from taking these requested actions under the *Youger* abstention doctrine. The *Younger* abstention doctrine generally forbids federal courts from granting relief that interferes with pending state court proceedings except under exceptional circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). The Supreme Court held in *Younger* that equitable intervention is not justified in the absence of irreparable injury which is "both great and immediate" - going beyond the normal requirements for an injunction. *Id.* at 46. A federal court is justified in granting an injunction only upon a showing of "bad faith, harassment or any other unusual circumstances that would call for equitable relief." *Id.* at 54.

Elaborating on the exceptions to *Younger* abstention, the Supreme Court stated:

> [T]he Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution, *id*., at 54, 91 S.Ct., at 755, where the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," *id*., at 53, 91 S.Ct., at 755, or where there exist other "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." *Ibid*. In the companion case of *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, the Court explained that "(o)nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Id*., at 85, 91 S.Ct., at 677.

*Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute an "irreparable injury" in the special legal sense of that term. *Younger*, 401 U.S. at 46. "Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

Plaintiff has not presented any facts that would place his claims for equitable relief within an exception to *Younger* abstention. Here, he certainly alleges he will be harmed by the ongoing criminal prosecution in Circuit Court. However, there are no allegations that his prosecution has been undertaken by state officials in bad faith or to harass him, as defined in the applicable line of case law, or that he faces any threat of repeated prosecution. Further, even if there was some violation of Plaintiff's constitutional rights in his ongoing criminal proceedings, such a violation alone does not warrant the application of the bad faith exception to the *Younger* abstention doctrine. ("[A] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Schorr v. Dopico*, 205 F. Supp. 3d 359, 364 (S.D.N.Y. 2016), aff'd, 686

F. App'x 34 (2d Cir. 2017) (citation omitted)).  The ongoing proceeding in the state Circuit Court provides Plaintiff a fair and sufficient opportunity for vindication of his federal constitutional rights; accordingly, this Court may not intervene in those proceedings. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

### B.  Malicious Prosecution

To the extent Plaintiff seeks relief for malicious prosecution under § 1983 (Doc. 5, PageID.54-55), he must show: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citation omitted).  Plaintiff has provided no evidence that the criminal prosecution against him has terminated in his favor as required to bring a malicious prosecution claim. *Laskar v. Hur*d, 972 F.3d 1278, 1285-95 (11th Cir. 2020).  As noted above, Plaintiff's criminal case is still pending in the Circuit Court of Mobile County with a current trial setting of August 19, 2024.  Unless and until the underlying criminal case is terminated in Plaintiff's favor, he cannot bring a claim for malicious prosecution. For this reason, Plaintiff's claim for malicious prosecution is without merit.

### C.  Request for Investigation and Prosecution

Plaintiff requests that this Court order the U.S. Attorney General and FBI "to fully investigate my complaint filed against the Mobile District Attorney's Office and the Mobile Police Department AND prosecute those who have conspired to violate my rights." (Doc. 5, PageID.55). This request exceeds the authority of this Court for two reasons:

> First, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619,

93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973). Second, prosecutorial discretion may not be controlled by a *writ of mandamus. Powell v. Katzenbach,* 359 F.2d 234 (D.C.Cir.1965), *cert. denied,* 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966).

*Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141–42 (11th Cir. 1987) (affirming the dismissal of an action seeking a writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney).

While Plaintiff does not style his request using the word "mandamus," it is clear he is asking this Court to compel certain actions by officers or employees of the United States. Federal mandamus is, however, available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "And the legislative history of § 1361 makes it clear that ordinarily the courts are 'not to direct or influence the exercise of discretion of the officer or agency in the making of the decision.'" *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) (quoting *United States ex rel. Schonbrun v. Commanding Officer*, 403 F.2d 371, 374 (2d Cir. 1968), *cert. denied*, 394 U.S. 929, (1969)). Moreover, "federal courts have traditionally and…uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made." *Id*. Consequently, this Court cannot influence the discretionary decisions of the FBI or U.S. Attorney's Office, and Plaintiff's request to compel an investigation and prosecution is without merit.

## CONCLUSION

Because the Court finds that Plaintiff's action is frivolous, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is **DENIED.** In addition, based upon the foregoing, the undersigned Magistrate Judge finds that the complaint is patently frivolous

and leave to amend would be futile. Therefore, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED, without prejudice.**

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 3rd day of May**,** 2024.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**